LOKEN, Circuit Judge,
dissenting.
Paragraph 27 of Phillip Fields’s Presen-tence Investigation .Report recites that, in March 2003, Fields “hit [Sylvester] Newman in the head with a large bottle and stabbed him several times with a butcher knife,” requiring Newman to be treated “for two large lacerations to his scalp, a puncture wound to his shoulder, stab wounds to his hand, [and] various contusions to his head and face.” Fields was charged with first degree assault and armed criminal action. He pleaded guilty to second degree assault in violation of Missouri Revised Statutes § 565.060, admitting that he “recklessly caused serious physical injury to Sylvester Newman by’ stabbing him.”
The court concludes that the district court erred in imposing the sentencing enhancement in U.S.S.G. §' 2K2.1 (a)(2) because the above-described offense was not a “crime of violence.” Why not? Because the statute might be violated by another defendant charged with reckless driving that results in injury. It is hard for me to imagine a decision more inconsistent with the intent of Congress when it instructed the Sentencing Commission to establish guidelines that “specify ... a term of imprisonment at or near the maximum term authorized” if the defendant was previously convicted of “two or more prior felonies, each of which is (A) a crime of violence." 28 U.S.C. § 994(h)(2)(A).
The court reaches its conclusion by relying on three prior decisions holding that recklessly driving a motor vehicle can never be a “crime of violence.” In my view,those decisions were wrongly overbroad when decided, and they have been overruled or significantly restricted by subsequent 'Supreme Court and Eighth Circuit decisions. Therefore, they are not controlling precedent in this case.
Accordingly, I respectfully dissent.